UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EDDIE JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  14-3014 |
| | ) |
| SHERIFF NEIL WILLIAMSON, | ) |
| | ) |
| Defendant. | ) |

## SUMMARY JUDGMENT OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Forrest City Low FCI, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to a serious medical need for events arising out of his incarceration at Sangamon County Jail.  The matter comes before this Court for ruling on the Defendant's Motion for Summary Judgment.  (Doc. 28).  The motion is granted.

## LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a).  All facts must be construed in the light most favorable to the non-moving party, and all reasonable inferences must be drawn in his favor.  Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010).  The party moving for summary judgment must show the lack of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## FACTS

At all times relevant, Plaintiff was incarcerated at Sangamon County Jail ("jail").  Defendant Williamson is the Sheriff in Sangamon County and the sole defendant in this matter.  Plaintiff originally named "Sangamon County Medical Unit" as a defendant.  Pursuant to the Court's Merit Review Opinion, Defendant Williamson was added as a defendant for purposes of identifying those responsible for Plaintiff's medical care.  (Doc. 4).  Plaintiff was

advised that he would need to name as defendants those individuals responsible for his medical care.  Id.  The Court's Scheduling Order also advised Plaintiff he must file a motion to substitute defendants within 60 days.  (Doc. 11 at 5, ¶ 19).  Plaintiff received the information in Defendant's Rule 26 disclosures dated August 21, 2015.  (Doc. 28-2).  No motion to substitute or add defendants has been filed.

Plaintiff suffered from arthritis in his shoulders.  Prior to arriving at the Sangamon County Jail, Plaintiff received treatment for arthritis, and other conditions, at the Veteran's Administration ("VA") hospital.  According to Plaintiff, he received three cortisone shots in his shoulders in 2009 and 2010.  Pl.'s Dep. 21:12-19.  His shoulders remained pain-free until January 2013.  Plaintiff testified he was then given a non-steroid shot at that time, but medical records show that Plaintiff received a corticosteroid injection.  Id. 23:5-7 ("Q. They gave you a shot in 2013?  A. Yes, ma'am, but they didn't give me the steroid shot."); (Doc. 28-14 at 12) (medical records).

Medical staff at the jail obtained Plaintiff's VA records, but Plaintiff did not receive the shots while he was incarcerated at the

jail. Instead, Plaintiff was prescribed over-the-counter pain killers. Jail officials also authorized Plaintiff's receipt of his VA prescription for Meloxicam, a drug prescribed to treat arthritis, which was provided by the VA according to a handwritten notation on Plaintiff's records. (Doc. 28-13 at 13); Mayo Clinic, Meloxicam (Oral Route), available at: http://www.mayoclinic.org/drugs-supplements/meloxicam-oral-route/description/drg-20066928 (last accessed Feb. 6, 2017) ("Meloxicam is a nonsteroidal anti-inflammatory drug (NSAID) used to relieve the symptoms of arthritis….").

Plaintiff's shoulder pain gradually improved once Plaintiff started an exercise regimen that consisted primarily of standing wall pushups. Pl's Dep. 25:18-26:18. Eventually, Plaintiff's pain subsided to the point where he felt at least as good as he did when he received the cortisone shots. Id. 48:14-17 ("Q. …And do you feel better now than you did after you had gotten your shots at the VA or about the same? A. About the same.").

## ANALYSIS

Inmates are entitled to adequate medical care under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976).

Because Plaintiff was a pretrial detainee, however, his rights are derived from the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment's proscription against cruel and unusual punishment.  Burton v. Downey, 805 F.3d 776, 784 (7th Cir. 2015) (citing Pittman v. Cnty. of Madison, 746 F.3d 766, 775 (7th Cir. 2014)).  The standards under the respective amendments are essentially the same.  Id. (citing Smego v. Mitchell, 723 F.3d 752, 756 (7th Cir. 2013)).

To prevail, a plaintiff must show that the prison official acted with deliberate indifference to a serious medical need.  Estelle, 429 U.S. at 105.  Claims of negligence, medical malpractice, or disagreement with a prescribed course of treatment are not sufficient.  McDonald v. Hardy, 821 F.3d 882, 888 (7th Cir. 2016) (citing Pyles v. Fahim, 771 F.3d 403, 408 (7th Cir. 2014), and Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008)).  Rather, liability attaches when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Nonmedical jail officials, like Defendant Williamson, may be held constitutionally liable for "intentionally denying or delaying access to medical care, or intentionally interfering with medical treatment once prescribed." Estelle, 429 U.S. at 104; Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 829 (7th Cir. 2009). Defendant Williamson did not provide medical treatment to Plaintiff, and the record does not suggest that Plaintiff's access to medical treatment was obstructed in any way. Furthermore, the grievances in the record indicate that each time Plaintiff complained of pain, he was scheduled to see medical staff. Defendant Williamson was added solely to identify Plaintiff's treatment providers. To the extent that Plaintiff may seek to impose liability on this Defendant, the Court finds that no reasonable juror could conclude that Defendant Williamson was deliberately indifferent.

In his response to the Defendant's Motion for Summary Judgment, Plaintiff argues that Dr. Abraham and Tracy Shea, a nurse, should be held liable because they did not administer the cortisone shots upon his request. An inmate has no constitutional right to demand specific treatment. Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996). Plaintiff's disagreement with these individuals'

apparent decision to not administer the cortisone shots, on its own, is not sufficient to impose constitutional liability. Id.

Plaintiff claims that he had an active prescription for the shots, but the medical records as recent as three months prior to Plaintiff's incarceration do not disclose one. (Doc. 28-11 at 41) (Plaintiff's active medications as of March 7, 2013). In addition, Plaintiff does not dispute that medical staff provided him with medication to treat his pain. Pl.'s Dep. 20:1-6. This medication was later discontinued when jail officials discovered Plaintiff had been hoarding it. (Doc. 28-11 at 21).

The recent decision in Petties v. Carter, 836 F.3d 722 (7th Cir. 2016), summarized the circumstances under which a trier of fact could infer a medical provider acted with deliberate indifference. These instances include evidence that a treatment provider ignores a request for medical treatment, disregards instructions from a specialist, fails to follow existing protocol, persists in a course of treatment known to be ineffective, chooses the "easier and less efficacious treatment" without exercising professional judgment, or inexplicably delays treatment. Id. at 728-731. The record now

before the Court does not provide facts to support any of these situations.

At best, Plaintiff could show that his previous treating physicians would have administered the cortisone shots instead of opting for the course of treatment chosen by the jail's medical staff. "[E]vidence that some medical professionals would have chosen a different course of treatment is insufficient to make out a constitutional claim." Id. at 729.  Either way, Plaintiff does not dispute that both avenues of treatment led to the same result—a reduction in pain.  Therefore, the Court finds that no reasonable juror could conclude that Plaintiff's constitutional rights were violated.

**IT IS THEREFORE ORDERED:**

1) **Defendant's Motion for Summary Judgment [28] is GRANTED.  The clerk of the court is directed to enter judgment in favor of Defendants and against Plaintiff.  All pending motions not addressed below are denied as moot, and this case is terminated, with the parties to bear their own costs.  Plaintiff remains responsible for the $350.00 filing fee.**

2) **If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a)(4).  A motion for leave to appeal in forma pauperis MUST identify the issues the Plaintiff will present on appeal to assist the court in**

**determining whether the appeal is taken in good faith. See Fed. R. App. P. 24(a)(1)(c); see also Celske v Edwards, 164 F.3d 396, 398 (7th Cir. 1999)(an appellant should be given an opportunity to submit a statement of his grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith."); Walker v. O'Brien, 216 F.3d 626, 632 (7th Cir. 2000)(providing that a good faith appeal is an appeal that "a reasonable person could suppose…has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.**

ENTERED:     February 6, 2017.

FOR THE COURT:

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE